# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00597-CV

---

**Demetrius T. Crockett, Appellant**

**v.**

**Extra Space Storage, Appellee**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-25-002048, THE HONORABLE DON R. BURGESS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Demetrius T. Crockett, proceeding pro se, appeals the trial court's orders granting appellee Extra Space Storage's Rule 91a motion to dismiss and traditional motion for summary judgment and dismissing his claims with prejudice. We will affirm.

## BACKGROUND

In his petition, Crockett alleges that he rented storage units with Extra Space Storage beginning in September 2018. At some point, Crockett stopped paying rent for the units. Crockett says he notified Extra Space Storage that his driver's license was "unconstitutionally suspended" due to "a wrongful, unlawful and unconstitutional conviction" that "unlawfully prohibited, restricted and restrained" him from operating his delivery and rideshare businesses, which prevented him from paying for the units. But Crockett continued to owe rent, and on February 4, 2025, Extra Space Storage auctioned Crockett's personal property held in the units.

Crockett sued Extra Space Storage for violations of the Texas Deceptive Trade Practices Act (DTPA), *see* Tex. Bus. & Com. Code ch. 17, breach of contract, and fraudulent misrepresentation, citing to a statute governing fraud in real-estate and stock transactions, *see id.* § 27.01.[1] He alleged that Extra Space Storage disregarded his "good-faith efforts," failed to send a final demand for payment, and auctioned his personal property before the scheduled time. Extra Space Storage filed a combined Rule 91a motion to dismiss and a traditional motion for summary judgment.[2] After a hearing, the trial court granted both motions and dismissed Crockett's suit with prejudice.

## DISCUSSION

Crockett makes four general arguments on appeal, challenging the trial court's orders granting Extra Space Storage's Rule 91a motion to dismiss and traditional motion for summary judgment and generally asserting his right to a jury trial and due process. We construe pro se filings liberally to obtain a just, fair, and equitable adjudication of the parties' rights, but pro se litigants must comply with the same rules and standards as those represented by counsel. *Housing Auth. of City of Aus. v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.). While Crockett's brief fails at points to present substantive arguments or cite to

---

[1] These are the claims that Crockett lists in the causes-of-action section of his petition. Crockett also references various other statutes and claims in different parts of his petition, though they do not appear to be connected to a pleaded cause of action. For example, he lists various statutes that he claims confer jurisdiction on the trial court, including the Texas Penal Code sections governing theft and misapplication of fiduciary property. And in his prayer for relief, he seeks $40,000 in punitive damages "for offenses of gross negligence [and] breach of contract," but he does not otherwise assert a gross-negligence claim.

[2] Extra Space Storage's motion also addresses the various authorities cited in Crockett's petition that are not pleaded as causes of actions.

authorities or the record, we address his issues as best we can based on his arguments. *See Norton v. Phan*, No. 03-22-00002-CV, 2023 WL 4769530, at \*2 (Tex. App.—Austin July 27, 2023, no pet.); *see also* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

First, Crockett challenges the dismissal under Rule 91a. He contends that he "pled valid claims for breach of contract, gross negligence, conversion, invasion of privacy, and DTPA violations arising from the auction of personal property during a period of involuntary indigency," and that his "claims arise from a specific sequence of facts involving documented unlawful conduct by a JP5 judge, acknowledged by the State of Texas[.]" He asserts that "all allegations must be accepted as true," but that is the extent of his legal argument on the Rule 91a motion. He does not cite to the record.

Because the trial court's order does not state the reasons for its ruling, Crockett had the burden on appeal to defeat each of the grounds Extra Space Storage raised in its Rule 91a motion. *See Estate of Savana*, 529 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Extra Space Storage raised multiple grounds to support dismissal of Crockett's claims under Rule 91a, including that he failed to allege any facts supporting that it engaged in false, misleading, or deceptive acts; failed to plead facts supporting a breach of any contract; did not allege any facts involving "real estate or stock in a corporation or joint stock company" as required by section 27.01; and admitted that he failed to pay for his storage unit.

While Crockett generally alleges that he "pled valid claims," he does not address any of the arguments Extra Space Storage raised, and we cannot make those arguments for him. *See Sonat Expl. Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex. 2008) ("[A]n appellate court cannot reverse on a ground an appellant has never raised."); *In re Estate of Marley*,

3

390 S.W.3d 421, 425 (Tex. App.—El Paso 2012, pet. denied) ("We have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was reversible error because, by doing so, we would abandon our role as neutral adjudicators and become an advocate."). Because Crockett has not established that no ground urged within the motion to dismiss supported the trial court's decision, we overrule his issue challenging the Rule 91a dismissal. *See Shumway v. Whispering Hills of Comal Cnty. Tex. Prop. Owners Ass'n*, No. 03-15-00513-CV, 2016 WL 4429939, at *3 (Tex. App.—Austin Aug. 16, 2016, pet. denied) (mem. op.) (citing *Parkhurst v. Office of Att'y Gen. of Tex.*, 481 S.W.3d 400, 403 (Tex. App.—Amarillo 2015, no pet.)).

Crockett also challenges the trial court's order dismissing his claims by granting Extra Space Storage's traditional motion for summary judgment. Our resolution of the claims' dismissal under Rule 91a is sufficient to affirm the judgment on appeal. *See* Tex. R. App. P. 47.1. Nonetheless, Crockett's issue challenging the summary judgment suffers from the same deficiency as his Rule 91a issue, as it notes only that "factual disputes exist regarding Defendant's knowledge, intent, and whether enforcement was done in good faith" and that "summary judgment may not be granted where any genuine issue of material fact exists." Extra Space Storage's traditional motion for summary judgment attached evidence of Crockett's storage-unit rental agreements, the rental ledgers for Crockett's units showing delinquent balances, notices of lien and foreclosure for the units, a publisher's affidavit of the notice, and account notes reflecting Extra Space Storage's communications with Crockett. In addition to reasserting the arguments in its Rule 91a motion and incorporating the attached evidence, Extra Space Storage argued in its summary-judgment motion that it had provided Crockett with all required notices of nonpayment, fulfilled its publication requirement, and voluntarily delayed the auction to accommodate Crockett's requests.

4

Because Crockett has not challenged each possible ground for summary judgment, we must uphold the judgment. *See Shumway*, 2016 WL 4429939, at *2–3 (quoting *Parkhurst*, 481 S.W.3d at 402).

In his remaining issues, Crockett contends that he was denied a jury trial which "violates constitutional rights," and "equity and fairness demand reversal and remand" for "a jury to determine credibility and damages." However, the trial court determines "questions of law, motions, exceptions to pleadings, and other unresolved pending matters . . . as far as practicable . . . before trial commences[.]" Tex. R. Civ. P. 248. Crockett's right to a jury depends on the existence of a material fact issue. *See Walden v. Affiliated Comput. Servs., Inc.*, 97 S.W.3d 303, 323 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Because the trial court resolved the case on Rule 91a and summary-judgment motions, there was no material fact issue remaining, and Crockett was not deprived of his constitutional right to a jury. *E.g.*, *Aaron v. Caddo Mins., Inc.*, No. 11-22-00020-CV, 2023 WL 5622115, at *10 (Tex. App.—Eastland Aug. 31, 2023, pet. denied) (mem. op.). Finally, Crockett argues that Extra Space Storage's auction of his belongings "after receiving multiple documented notices of legal indigency and unlawful conviction constitutes deprivation of property without due process." However, this statement is the extent of Crockett's argument on this point, and he has directed us to no evidence or authority supporting this proposition. This is insufficient to establish reversible error on appeal. *See* Tex. R. App. P. 44.1(a).

**CONCLUSION**

Because Crockett has not shown error in the judgment, we affirm the trial court's order dismissing Crockett's claims with prejudice.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed: July 16, 2026